**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 15, 2018

**BY ECF**

The Honorable Robert W. Sweet
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. David Oquendo*, S2 17 Cr. 611 (RWS)

Dear Judge Sweet:

The Government writes in advance of the scheduled arraignment on August 20, 2018. As the Court knows, the defendant has indicated that he has a desire to proceed *pro se* in this matter. The Government writes to provide a series of proposed questions to be put to the defendant at any *Faretta* colloquy to be held on August 20, 2018. Below, the Government sets forth a proposed explanation of the defendant's rights and the difficulties of proceeding *pro se*, as well as a series of proposed questions for the Court's consideration.

<u>Proposed Colloquy</u>

1. *General Advice to the Defendant*

You have the right to counsel; that is, you have a right to have a lawyer represent you in these proceeding and at your trial. You may waive your right to counsel and represent yourself, but only if you meet certain requirements. In particular, if you want to represent yourself, you must make a request to do so that is (1) clear and unequivocal, and not for purposes of delay or manipulation; (2) knowing, intelligent, and voluntary; and (3) timely. *Williams v. Bartlett*, 44 F.3d 95, 99 (2d Cir. 1994).

First, if you want to represent yourself, you must say so clearly and unequivocally. *Id.* If you do not make it clear that you want to represent yourself, then you will be represented by a lawyer. There is, in other words, a presumption that you will be represented by a lawyer; the only way to overcome that presumption is if you express your contrary desire clearly. Let me reiterate that absolutely critical point for you: if you want to represent yourself, you must say so clearly, explicitly, and without qualification or reservation. If you do not do that, then you will be represented by a lawyer, either retained or appointed.

Second, your request for self-representation must be knowing, intelligent, and voluntary. In other words, before you decide what you want to do, you must understand the consequences of your decision. I want you to know what is at stake here. Although you need not be a lawyer, or have the skill and experience of a lawyer, in order to decide to represent yourself, you should be aware of the dangers and disadvantages of proceeding without one. You must know what you are doing and make your choice with your eyes open.

I will now try to explain to you the difficulties and dangers of self-representation. If I say something that you do not understand, please let me know, and I will try to explain it again. It is vitally important that you understand the choice you are going to be making, and I will do everything I can to help you understand the choices.

You are facing very serious charges, to wit, two counts of racketeering conspiracy, one count of narcotics conspiracy, one count charging you with a violent crime in aid of racketeering, and one firearms count. The charges carry a maximum possible penalty of life imprisonment, and a mandatory minimum sentence of 20 years' imprisonment.

I want to advise you that these charges are factually complex, and the proceedings leading up to trial and the trial proceedings will be procedurally complex. Defending against these charges will require legal work, and require familiarity with the Federal Rules of Criminal Procedure and the Federal Rules of Evidence. Defending against these charges may require, for example, filing legal motions, such as motions to exclude evidence; examining potential jurors to ensure that they will be fair and impartial in deciding your case; making objections during the course of the trial, such as an objection to hearsay or other inadmissible types of evidence; cross-examining witnesses called by the government to test their perception or memory of events, their motives or possible bias, and the truthfulness of their testimony; calling witnesses for the defense and eliciting from them evidence that is favorable to your case; moving tangible objects such as documents into evidence, which be a technical process under the rules of evidence that govern in this Court; writing legally precise jury instructions that correctly state the law as it applies to the facts of your case, and that allow the jury to consider possible legal defenses to the charges that the government is bringing against you; and making an opening statement and closing argument to the jury that summarizes the evidence and argues, under the applicable law, for an acquittal.

All these things are usually better done by a lawyer than a lay person, because the lawyer is specially trained to do them and has special knowledge of, and experience with, the substantive and procedural rules of law and of this Court. Obviously, there will be serious consequences if your defense is mishandled here. Moreover, because you are now in jail, your lawyer may have better and easier access to witnesses who may be of help to you. You will not have unlimited access to legal research materials, or to telephones, *see, e.g. United States v. Chapman*, 954 F.2d 1352, 1362 (7th Cir. 1992) ("This court has consistently held that when a defendant (pretrial detainee) is offered the assistance of appointed counsel and refuses the same, no constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he refuse the services of court-appointed counsel." (internal quotation marks omitted)); *see also Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981). Nor will you have unlimited access to visitors,

other than your counsel.  You will also not be allowed to travel to any locations outside any prison in which you are held or the courtroom to conduct the examination of any witness.

It is almost always a good idea for a defendant in a criminal case to have a lawyer.  I do not, however, want you to take these warnings or anything else I am saying as any kind of veiled threat, or a suggestion that I will be disposed against you if you decide to represent yourself.  The choice is entirely yours, so long as you make it in a knowing, intelligent, and voluntary fashion, with a proper understanding of what is at stake.  I am only trying to ensure that you make an informed decision.

Third, if you make your choice today, it will be timely.  But I warn you, for the future, that you do not have a right to manipulate this Court.  You should think hard before making a decision today, because it will have ongoing significance for you.  If you choose today to have a lawyer, and then later ask to represent yourself, and if I conclude that you are acting in bad faith and trying to delay the trial, I may deny your request.  Similarly, if you choose today to represent yourself, and request later that new counsel be appointed, I may also deny that request, in particular if I find that it is made in an effort to delay trial.

This is an important moment in the case, and we are holding this hearing because you have an important decision to make.  You should make a thoughtful and considered choice that you can live with until the trial is over.

If you decide to represent yourself, Mr. Montgomery will continue as what is called "standby" counsel to assist you.  You will still largely control the presentation of your case, but you will have a lawyer to explain to you the details of courtroom protocol and the rules of evidence and procedure.  Mr. Montgomery will be there to help you prior to trial, to investigate the facts and the law, and identify possible defenses, and suggest appropriate motions to file.  During the trial, he will be there to provide help in introducing evidence, and objecting to testimony, and will be available to take over if I find that for some reason you have lost your right to self-representation.  Standby counsel is there to assist, but will not be permitted to interfere with your control of the case, with a few exceptions.

You would not have a right to reject the standby lawyer if you decide to proceed *pro se*. *McKaskle v. Wiggins*, 465 U.S. 168, 178 (1984).

However, even with standby counsel, you will still largely control the presentation of your case to the jury.  For example, you will have a right to control the organization and content of your own defense, to make motions, to argue points of law, to participate in voir dire, to question most witnesses, and to address the Court and the jury at appropriate points in the trial.  Standby counsel may not interfere with your control of the case or your appearance of control before the jury.  He or she may express disagreement with your decisions, but must do so outside the jury's presence.  You ultimately retain final authority over the case.  Of course, you will have to do all of these things within the limits set by the rules of courtroom procedure, evidence, and decorum.

This is not to say, however, that standby counsel is prohibited from acting at all in front of the jury.  He may assist you in overcoming routine procedural or evidentiary obstacles, such as

August 15, 2018
Page 4

introducing evidence or objecting to testimony, and may help to ensure your compliance with basic rules of courtroom protocol and procedure.

To sum up, then, you have a right to be represented by a lawyer, and you have a right to represent yourself.  You do not, however, have a right to "hybrid" representation, where you and a lawyer act as co-counsel in the conduct of your defense.

If you do not waive your right to counsel and you are represented by a lawyer, then the lawyer will conduct your defense:  you will not be permitted to examine witnesses, offer evidence, address me or the jury directly, participate in conferences here at the bench, or perform any of the attorney's core functions in the courtroom.  You will, of course, be permitted to remain in the courtroom during your trial, provided as always that you maintain proper decorum.  And I would encourage you to work behind the scenes with your attorney, to help him represent you as well as possible.  But if you are represented by a lawyer, you will not function as an advocate in your trial.  Your only public speaking role would arise if you decide to testify, in which case you would answer the specific questions posed by your lawyer and by the attorneys for the government.  To repeat:  If you are represented by a lawyer, then it is the lawyer, and not you, who will conduct the defense.

If you represent yourself, I am not going to treat you any differently than any other defendant, and the court of appeals is not going to treat your case any differently.  If you make the decision to represent yourself and you make mistakes, you are not going to be able to come back and complain about those mistakes.  You will have accepted responsibility for them.

There are some other things you should know.  If you do choose to represent yourself, you must understand that it does not give you license to abuse the dignity of the courtroom, or a license to violate the relevant rules of procedural and substantive law.  You must always abide by courtroom protocol and maintain proper decorum, and you may not improperly disrupt the proceedings.  You must, for example, follow the rules of evidence.  You must obey my rulings even if you disagree with them, knowing that you have preserved your objection for review by the appellate court.  If you deliberately engage in serious and obstructionist misconduct, I will terminate your self-representation. If I am forced to do so, then standby counsel would take over the defense for you.

If you would like a moment now to consult with counsel, or to think about your decision, I will pause the proceedings so you may do so.  If you have any questions, I will be happy to answer them at this time.

In a moment, I will ask you questions so that I can learn a little more about your background, education, job experience, and familiarity with the American legal system to determine whether your decision today is made knowingly and voluntarily.  I will also inquire about any recent or regular use of alcohol, narcotics, or prescription medications to assure myself that your judgment today is not clouded.  I will then hear your decision and make my own determination and findings about whether you have knowingly, intelligently, voluntarily, and unequivocally waived your right to counsel.

August 15, 2018
Page 5

2.      *Proposed Colloquy*

   a.  Advise defendant that while he has the right to represent himself, the Court must decide for itself whether his waiver of his right to counsel is knowing, intelligent, and voluntary.

   b.  Do you understand the nature and purpose of this proceeding?

   c.  What is your full name?

   d.  Did you study law in the United States or any other country?

   e.  What is your educational level?

   f.  Have you ever represented yourself in any legal proceeding?  If yes, elicit details.

   g.  Advise defendant of the charges in the Indictment:  two counts of racketeering conspiracy (Counts One and Two), narcotics conspiracy (Count Three), violent crime in aid of racketeering (Count Five), and firearms offense (Count Ten).

   h.  Advise defendant of the maximum penalties:   for Counts One and Two, 20 years' imprisonment, three years' supervised release, fine of $250,000, $100 special assessment; for Count Three, life imprisonment, mandatory minimum of 10 years' imprisonment, life supervised release, $10,000,000 fine, $100 special assessment; for Count Five, 20 years' imprisonment, three years' supervised release, fine of $250,000, $100 special assessment; for Count Ten, life imprisonment, 10 year mandatory minimum, to be served consecutively to any other sentence, five years' supervised release, $250,000 fine, $100 special assessment.

   i.  Advise defendant of the operation of the United States Sentencing Guidelines and ask whether he has discussed them with an attorney.

   j.  Advise defendant that if he represents himself, he stands by himself.  The Court cannot advise defendant how to try his case.

   k.  Are you familiar with the Federal Rules of Evidence?

   l.  Are you familiar with the Federal Rules of Criminal Procedure?

   m.  Advise defendant that an attorney could better deal with issues relating to discovery, motions, and the conduct of any trial.

   n.  Advise defendant that that an attorney could better deal with plea discussions with the Government.

August 15, 2018
Page 6

o.  Advise defendant that even if he has stand-by counsel, stand-by counsel cannot address jury, cannot make objections, and cannot question witnesses.  Defendant must do those things himself.

p.  Advise defendant that an attorney is more qualified to conduct his legal defense than he is.

q.  In light of the penalties you may suffer if found guilty, in light of all the difficulties of representing yourself, do you still want to represent yourself and give up your right to be represented by counsel?

r.  Are you making this waiver voluntarily?

s.  Have there been any threats to get you to waive this right?

t.  Any inducement or other promises to get you to waive this right?

u.  Based on observations and colloquy, the Court finds that defendant is competent to waive his Sixth Amendment right to counsel, and that he does so knowingly, intelligently, and voluntarily.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: /s/ Jordan Estes
   Jordan Estes/Gina Castellano/
   Alexandra Rothman
   Assistant United States Attorneys
   (212) 637-2543/2224/2580

cc:   All counsel (by ECF)