```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/10/2020____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

       -against-

DAVID OQUENDO,

                           Defendant.

17 Cr. 611-5 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The sentencing scheduled for June 16, 2020, at 1:00 p.m. is RESCHEDULED to **June 16, 2020**, at **12:00 p.m.** The sentencing shall proceed by telephone conference. The parties are directed to call either (888) 398-2342 or (215) 861-0674, and enter access code 5598827.

       Under the terms of Section 15002(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (2020), the Judicial Conference of the United States has found that emergency conditions due to the national emergency declared by the President of the United States with respect to COVID-19 have materially affected and will continue to materially affect the functioning of the federal courts, and the Chief Judge of this district has entered an order finding that "felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure . . . cannot be conducted in person without seriously jeopardizing public health and safety," and authorizing such proceedings to be conducted by "video teleconferencing, or telephone conferencing if video conferencing is not reasonably available . . . with the consent of the defendant . . . after consultation with counsel and upon a finding by the presiding judge that the proceeding cannot be further delayed without serious harm to the interests of justice." *In re Coronavirus/Covid-19 Pandemic*, 20 Misc. 176, ECF No. 1 at 1, 3 (S.D.N.Y. Mar. 30, 2020).

       Defendant's counsel having represented to the Court that Defendant consents to this sentencing being conducted via telephone conference, the Court finds that this proceeding cannot be further delayed without serious harm to the interests of justice because of the age of the case and the range of sentencing options presented to the Court. The Court further finds that video teleconferencing is not reasonably available in the facility where Defendant is currently housed. Accordingly, pursuant to Section 15002(b)(2)(A) of the CARES Act, it is ORDERED that the sentencing shall proceed by telephone conference.

       SO ORDERED.

Dated: June 10, 2020
       New York, New York

                                                          ANALISA TORRES
                                                  United States District Judge